UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sharon Norris and Michael Norris, | Civil No. 11-3579 (PAM/TNL) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| ARS National Service Inc., d/b/a Associated Recovery Systems, Jane Doe, Yolanda Vomo, Adam Doe, and Travis Doe, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. For the reasons that follow the Motion is denied.

**BACKGROUND**

Plaintiffs Sharon and Michael Norris accumulated a balance of nearly $25,000 on a Capital One credit card. When they defaulted on their payment obligations, Capital One asked Defendant Associated Recovery Systems ("ARS") to collect on the debt. Over the course of seven or more months, ARS repeatedly (often several times in one day) attempted to contact Plaintiffs. Finally, in January 2011, Defendant Yolanda Vomo, an ARS representative, reached Mrs. Norris.[1] During this and subsequent telephone conversations

---

[1] Defendants' "evidence" of this and other non-recorded telephone conversations consists of an affidavit from Dan Montenaro, Vice President of Risk Management for ARS. (See, e.g., Montenaro Aff (Docket No. 51) ¶ 10 (discussing conversation between Vomo and Mrs. Norris on Jan. 7, 2011).) Montenaro was not a party to the phone calls, and until April 2011, none of ARS's calls with Plaintiffs was recorded. Montenaro's testimony about the content of the phone calls is therefore suspect at best and inadmissible hearsay at worst.

with either one or both Plaintiffs, there is no dispute that Ms. Vomo offered Plaintiffs a deal: pay $13,632.94, or 55% of the balance due, in structured payments and the remaining debt would be forgiven. On January 14, 2011, Plaintiffs paid $2,479, and thereafter made $500 payments in February, March, and April.

In April, Vomo again contacted Plaintiffs about the so-called "settlement" deal. Plaintiffs had yet to agree to the scope of future payments on the balance due, and Vomo attempted to get them to agree to a payment plan that would have them pay another lump sum then more than $650 per month for the balance of the lowered debt amount. Mr. Norris repeatedly asked Vomo to send something in writing memorializing the settlement agreement.

The e-mail ARS eventually sent, however, contained terms different than those Plaintiffs thought they had agreed to. (Montenaro Aff. Ex. F.) The e-mail, sent on April 15, demanded a single payment of the entire $9,654 due on April 15, stating that the "payment must reach this office by the due date or this offer will become null and void." There was no indication of a payment plan or other options. Both Plaintiffs insist that throughout their conversations with ARS, they were promised the ability to make payments to pay off the debt, not that they would be forced to pay the entire amount due in a single payment. Three days later, Vomo promised to send Mr. Norris another letter with altered terms (id. Ex. G at 1 (transcript of Apr. 18, 2011, phone call)), but Plaintiffs did not receive any further written correspondence from ARS regarding a payment schedule. Indeed, in other telephone conversations, Mr. Norris repeatedly asked for something in writing to reflect the reduced

settlement amount and ARS continually refused to provide a writing reflecting any reduced payment schedule. (Id. Ex. H at 2.) At the end of April, the parties were at loggerheads regarding a payment plan. In June, after not receiving any payments from Plaintiffs, Capital One recalled the account from ARS and placed the account into collection. Plaintiffs' bank account was ultimately garnished for $21,362.97. (Bedell Aff. (Docket No. 52) Ex. 3.)

Plaintiffs brought this lawsuit raising one claim for a violation of the Fair Debt Collection Practices Act and one claim for a breach of contract. Defendants maintain that Plaintiff have agreed to dismiss their breach-of-contract claim, but no dismissal has been filed with the Court. (Defs.' Supp. Mem. (Docket No. 50) at 10-11.) However, Plaintiffs do not mention this claim in their opposition papers and the Court will presume that they are no longer pursuing the claim.

In addition to the presumably abandoned breach-of-contract claim, Plaintiffs also mention in a footnote that they have been unable to locate or verify the identity of Defendant Travis Doe and thus that they wish to dismiss him from the case. (Pls.' Opp'n Mem. (Docket No. 55) at 4 n.11.) But a footnote in an opposition brief is not the appropriate way to accomplish the dismissal of a Defendant. It is Plaintiffs' responsibility to file a motion or stipulation so the Court's record can reflect the realities of the case.

Finally, Plaintiffs' opposition memorandum closes with a list of "other violations" of the FDCPA not listed in the Complaint that ostensibly warrant the denial of Defendants' Motion. (Id. at 38-39.) As with their contention regarding Defendant Travis Doe, Plaintiffs cannot accomplish an amendment of their Complaint in a brief. Moreover, the time for

amending the Complaint is long past. The Court has not considered and will not consider any allegations not made in the Complaint.

**DISCUSSION**

**A.     Offer of Judgment**

ARS first argues that Plaintiffs' rejection of ARS's offer of judgment moots the case. According to ARS, its offer to pay Plaintiffs $7,500 plus reasonable attorney's fees and costs is more than Plaintiffs could recover should this case proceed to trial, and therefore renders Plaintiffs' claims moot and deprives this Court of jurisdiction.

Rule 68 "permits a defendant to offer that judgment be entered against it under specified terms that include the costs then accrued." Zortman v. J.C. Christensen & Assocs., 870 F. Supp. 2d 694, 696 (D. Minn. 2012) (Ericksen, J.). If the plaintiff rejects such an offer and ultimately obtains a judgment less than the offer amount, the plaintiff "must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

"Some courts have . . . determined that a Rule 68 offer that would provide all the relief a plaintiff requests has the effect of mooting the action even if the offer is not accepted." Zortman, 870 F. Supp. 2d at 696-97 (citing cases). However, the Eighth Circuit "has not decided whether a Rule 68 offer that includes all the relief sought moots an action." Id. at 697. ARS urges the Court to find that its offer includes all possible relief available to Plaintiffs and thus that the case is moot.

ARS contends that Plaintiffs can recover only statutory damages of $1,000[2] plus costs and attorney's fees, because Plaintiffs have failed to establish any actual damages. According to ARS, Plaintiffs have not established that they suffered any genuine emotional injury, and Plaintiffs' claim for damages arising out of Capital One's garnishment of their bank account was not caused by ARS's conduct and thus does not constitute actual damages.

Whether Plaintiffs have sufficiently established emotional distress damages is a closer question than ARS acknowledges. First, emotional injury "may be established solely by a plaintiff's own testimony." Taylor v. Tenant Tracker, Inc., 710 F.3d 824, 829 (2013). While mere testimony that a plaintiff was humiliated, upset, and angry is generally insufficient to establish emotional injury, id. (citing cases), evidence that a plaintiff suffered from severe anxiety, distress, embarrassment, and sleeplessness requiring medication can be enough to establish emotional injury. Id. at 828.

The testimony here shows that both Plaintiffs were upset by the alleged conduct of ARS employees: Mrs. Norris testified that she cried multiple times, and Mr. Norris claims to have developed sores inside his mouth from the stress, in addition to their claims of anger, sleep loss, marital problems, and anxiety. There is no evidence that either of them sought help from a psychiatrist or physician for their problems. Although the distress alleged is close to the line between sufficient and insufficient, at this stage of the litigation and on a

---

[2] Plaintiffs argue that they are both entitled to claim statutory damages of $1,000, but offer no citation in support of this assertion. However, it does appear that Plaintiffs might be entitled to claim statutory damages of $1,000 per Defendant. Overcash v. United Abstract Group, Inc., 549 F. Supp. 2d 193, 197 (N.D.N.Y. 2008).

5

paper record, Plaintiffs' testimony suffices to establish potential entitlement to emotional distress damages. Thus, ARS's offer of judgment did not encompass all forms of relief to which Plaintiffs might be entitled and does not moot the action.

**B.     Motion for Summary Judgment**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. at 323; Enter. Bank, 92 F.3d at 747.

ARS argues in its Motion that summary judgment is appropriate because Plaintiffs' characterization of the content of many calls between Plaintiffs and ARS is not true. But on a paper record, when most of the calls were not recorded, the Court cannot simply credit ARS's version of the facts and ignore Plaintiffs' competing version. The Court must view the evidence in the light most favorable to Plaintiffs. Thus, despite ARS's insistence that Plaintiffs are making up some phone calls that do not appear in ARS's records or misstating the conversations that took place, such an argument amounts to an improper attack on

Plaintiffs' credibility. It will be for the jury to determine whether Plaintiffs or ARS's employees are telling the truth about what transpired.

**CONCLUSION**

Plaintiffs have sufficiently raised genuine issues of fact as to whether ARS and its employees violated the FDCPA. Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss or for Summary Judgment (Docket No. 48) is **DENIED**.

Dated:  April 24, 2013

                                         *s/Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Court Judge